

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 24, 1960

Honorable Bill Allcorn
Commissioner
General Land Office
Austin, Texas

Opinion No. WW-914

Re: Is the General Land
Office authorized
under Article 8225,
V.A.C.S., to sell
State owned land to
the San Patricio
County Navigation
District No. 1 when
said land is located
outside the boundaries
of such district?

Dear Mr. Allcorn:

The following inquiry is made in your opinion request to this office:

"I would like to have your opinion as to whether a navigation district has the authority to purchase land outside the boundaries of their district?"

Your letter which contains this opinion request states that San Patricio County Navigation District No. 1 has made application to buy 855 acres of land owned by the State of Texas for $1.00 per acre under authority of Article 8225, Vernon's Annotated Civil Statutes. This particular property is located outside the boundaries of such district, and further, it does not adjoin these boundaries.

It is also our understanding that such lands are to be improved for and used, at least in the beginning, as a pleasure craft facility to serve the City of Portland, Texas. The City of Portland lies outside the limits of this district, and it also appears that the boundaries of this district are several miles distant from the land sought.

We have been advised that San Patricio County Navigation District No. 1 was organized under and by authority of Article 8263h, Vernon's Annotated Civil Statutes. This article authorizes districts thereunder to make improvements for the inland and coastal waters together with certain other improvements to promote navigation.

Article 8225, V.A.C.S., makes provision for the purchase of State owned lands by navigation districts under the following conditions, to-wit:

"The Commissioners are empowered to ac-
quire the necessary right-of-way and property
of any kind for all necessary improvements con-
templated by this title by gift, grant, purchase
or condemnation proceedings. Any navigation dis-
trict heretofore or hereafter organized under this
title or any general law under which said sub-
divisions may be created shall have the right to
purchase from the State of Texas any lands and
flats belonging to the said State, covered or
partly covered by the waters of any of the bays
or other arms of the sea, to be used by said
district for the purposes authorized by law with
the right to dredge out or to fill in and re-
claim said lands or otherwise improve the same;
and the Commissioner of the General Land Office
is hereby authorized and directed to sell the
same upon application, as hereinafter provided,
at the price of One ($1.00) Dollar per acre...."
(Emphasis supplied.)

Prior to an amendment in 1931 (Acts 1931, 42nd Leg., 2nd C.S., p. 38, Ch. 21), Article 8225, V.A.C.S., provided that any State owned lands to be purchased by a navigation district thereunder should be "covered or partly covered by the waters of any of the bays or other arms of the sea with-in said district." That language of the above quoted pro-vision reading "within said district" was deleted by the above amendment.

However, another section found in the same Act as Article 8225, V.A.C.S., and to be read into such article now, is codified as Article 8198, Vernon's Annotated Civil Statutes, which, in limiting the scope of navigation districts, provides that said districts may improve rivers, bays, creeks and canals "within or adjacent to such district" in aid of navigation.

Therefore, while there is no express restriction under Article 8225, V.A.C.S., against purchase by a navigation district of lands outside its boundaries, we are of the opinion that any such lands must, at least, be covered or partly covered by the waters of bays or other arms of the sea adjacent to the district in view of Article 8198, V.A.C.S.

It should be noted also that one of the restrictions of purchase under Article 8225, V.A.C.S., is that such property is to be used "for the purposes authorized by law."

In addition, this statute limits the power of acquisition of navigation districts to those lands which are required "for necessary improvements contemplated by this title."

It must be concluded from reading the above statutory provisions together that the Legislature clearly intended that a navigation district is authorized only to purchase State owned lands outside their boundaries under Article 8225, V.A.C.S., when such lands are to be used for lawful purposes of the district concerned, for purposes which have substantial relationship to the needs of such district and when the lands to be acquired are covered or partly covered by the waters of bays or other arms of the sea adjacent to the district.

Applying the test in the paragraph immediately above, there is considerable doubt as to the authority of San Patricio County Navigation District No. 1 to buy the lands in question. There has been no showing that the proposed use has any substantial relationship to the needs of the district. In fact, the district's declared purpose for the purchase of these lands is primarily for use as a pleasure craft facility to serve a community which is not located within the district. Moreover, it appears that the lands to be acquired are not covered or partly covered by the waters of bays or other arms of the sea either within or adjacent to subject district. However, these factual determinations are for your office.

While Article 8225, V.A.C.S., makes no provision for any formal hearing by your office on these questions, nevertheless, any applicant for purchase of State owned lands under the terms of such statute should be required to submit sufficient facts to your office to show compliance with the requirements of purchase detailed above.

## SUMMARY

The General Land Office is authorized to sell to navigation districts State owned lands outside their boundaries under Article 8225, Vernon's Annotated Civil Statutes, only when it appears to such office that these lands are to be used for lawful purposes of the navigation district concerned, for purposes that have substantial relationship to the needs of such district and when such lands are covered or partly

covered by the waters of bays or other arms
of the sea adjacent to said district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By      Thomas Burrus
Assistant

TB:ljb:bh

APPROVED:

OPINION COMMITTEE
Gordon C. Cass, Chairman

Virgil R. Pulliam
Linward Shivers
Wm. H. Pool, Jr.
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Leonard Passmore